| | |
|---|---|
| 1 | DONNA R. ZIEGLER [142415]<br>County Counsel |
| 2 | By JILL P. SAZAMA [214215]<br>Deputy County Counsel |
| 3 | Office of the County Counsel, County of Alameda<br>1221 Oak Street, Suite 450 |
| 4 | Oakland, California 94612<br>Telephone: (510) 272-6700 |
| 5 | Attorney for County of Alameda |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

JAIME LYNN DICKENS,

          Debtor,

———————————————

COUNTY OF ALAMEDA,

          Plaintiff,

v.

JAIME LYNN DICKENS,

          Defendant,

Adv. Proc. No.

Bankr. Case No.: 15-43252
Chapter 7

Judge Charles Novack

**ADVERSARY COMPLAINT TO DECLARE DEBT NONDISCHARGEABLE**
**[11 U.S.C. SECTION 523(a)(2)]**

    COUNTY OF ALAMEDA alleges as follows.

    1.    At all times herein mentioned, COUNTY OF ALAMEDA ("County") was, always has been and is a body corporate and politic and a political subdivision of the State of California, and a creditor of defendant/debtor JAIME LYNN DICKENS.

    2.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

    3.    Debtor/defendant JAIME LYNN DICKENS owes the COUNTY OF ALAMEDA $12,030, which reflects an overissuance of CalWORKS (welfare) and CalFRESH (food stamps) benefits paid by Alameda County Social Services Agency to Ms. Dickens between October 2010 and September 2012. During this time, Ms. Dickens was receiving the foregoing welfare

ADVERSARY PROCEEDING COMPLAINT

benefits, but she failed to report her income from employment as she was required to do, and indeed reported no income (or income below that she actually received) on her quarterly eligibility reports during the above period, which reports she signed under penalty of perjury. Had Ms. Dickens accurately reported her income, her benefits would have reduced substantially or eliminated. Ms. Dickens had an obligation to truthfully report to the County any and all income received as a condition of receipt of such benefits.

4. Ms. Dickens knowingly, and with intent to defraud, submitted false reports of having no income to the County, with the intent that such false reports would be relied on by the County such that she would receive food stamp and welfare benefit payments to which she was not entitled. The County did in fact rely on such reports to its detriment, by issuing food stamp benefits over the period listed above. The County was damaged by such fraud in the amount set forth above.

5. Such acts of fraud to obtain money, property, or services are not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(2)(A), (B).

6. On June 1, 2015, the Alameda County District Attorney's Office initiated a criminal action against Ms. Dickens, *People v. Dickens,* Alameda County Superior Court criminal case file no. 606397, charging her with felony welfare fraud (violation of Welfare and Institutions Code section 10980, subd. (c)(2)), and felony perjury (violation of Penal Code section 118, subdivision (a).) A certified copy of the Alameda County Superior Court's criminal case file is attached hereto as **Exhibit A.** This charge was based on the above alleged conduct. (*See,* Investigator's Probable Cause Declaration, **Exhibit A,** at p. 18).

7. The state criminal case against Ms. Dickens was resolved by way of a plea bargain entered into on August 27, 2015. (**Exhibit A,** at pp. 4-6, 11-14.) As part of this bargain, Ms. Dickens admitted her fraud by pleading guilty to misdemeanor welfare fraud (violation of California Welfare & Institutions Code section 10980, subdivision (c)(2)). She was also required to sign, and did sign, a Confession of Judgment in favor of the County in the principal amount of $12,000, and $30 in costs, for a total amount of $12,030. (**Exhibit A**, at pp. 4, 6.) Per an August

27, 2015 minute order, pursuant to that Confession of Judgment, Ms. Dickens was "to pay $75.00 mthly starting 10/1/15 towards restitution of $12,000.00 until paid through Central Collection . . . ." (**Exhibit A**, at p. 4.) Attached hereto as part of **Exhibit B,** is a true and correct copy of the Confession of Judgment (entitled, a Statement and Declaration for Confession of Judgment, hereafter "Confession of Judgment") signed by Ms. Dickens pursuant to her plea bargain. (**Exhibit B**, at pp. 1-3.)

8. The Confession of Judgment was filed in Alameda County Superior Court as a new civil action, *County v. Dickens,* Alameda County Superior Court civil case no. RG15789381, on October 14, 2015, and Judgment pursuant to that Confession of Judgment was entered in favor of the County of Alameda, and against Ms. Dickens, on October 14, 2015. Attached hereto as **Exhibit B** are true and correct copies of these records, along with an Abstract of Judgment.

9. Because the debt debtor/defendant JAIME LYNN DICKENS owes to the COUNTY OF ALAMEDA was incurred through Ms. Dickens' fraud, it is not dischargeable in bankruptcy.

WHEREFORE, the COUNTY OF ALAMEDA prays that this Court:

1. Enter Judgment declaring that the above-listed debt in the amount of $12,030.00 is non-dischargeable in bankruptcy because it was incurred through fraud under 11 U.S.C. § 523(a)(2).

2. Award fees, costs or such other relief as permitted by law to plaintiff.

2. Grant any other relief that the Court considers just and proper.

DATED: April 4, 2016

DONNA R. ZIEGLER,
County Counsel in and for the County of Alameda, State of California

By \_\_\_\_\_*/s/ Jill P. Sazama, Esq.*\_\_\_\_\_
JILL P. SAZAMA, Esq.
Deputy County Counsel
Attorneys for County of Alameda

ADVERSARY PROCEEDING COMPLAINT 3